IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:23CR3005 |
| vs. | |
| TIMOTHY HINRICHS, | ORDER |
| Defendant. | |

Defendant Timothy Hinrichs has moved to continue trial (Filing No. 79) due to the expected dismissal of one of the counts of the indictment prior to trial. Defendant asserts that due to his medical diagnoses, he needs further time to process recent developments in this case. Defendant also seeks an extension of the pretrial motions deadline to file a motion to suppress the statement he gave to law enforcement. (Filing No. 78.) The Court held a telephone conference regarding the motions on October 2, 2024. After conferring with counsel, the Court set the motions for hearing. The hearing was held on October 2, 2024.

Although the government is ready to proceed with trial as scheduled, it does not oppose Defendant's request to continue trial, or the motion to extend the pretrial motions deadline. Based on the arguments of counsel, the Court finds good cause to grant both motions. Defendant was advised of his speedy trial rights, and orally waived speedy trial on the record. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion to Extend the Pretrial Motions Deadline, Filing No. 78, is granted. The briefing deadlines are as follows:

    a. The pretrial motions deadline is extended to October 11, 2024.

    b. The government shall file its response to Defendant's anticipated pretrial motion(s) on or before October 28, 2024.

2. A status conference will be held before United States Magistrate Judge Jacqueline M. DeLuca on November 4, 2024 at 11:00 a.m. by telephone. Counsel for the parties shall use the conferencing instructions provided by the court to participate in the call. (Filing No. 84).

3. Defendant's Motion to Continue the Jury Trial, Filing No. 79, is granted and this case is removed from the trial docket pending the resolution of Defendant's anticipated pretrial motion(s). Trial will be reset upon the resolution of any pretrial motions. Once set, no further continuances will be allowed without a substantial showing of good cause.

4. Defendant waived his right to speedy trial on the record, and Defendant's oral waiver of speedy trial was accepted. The Court finds that the ends of justice will be served by granting Defendant's request to extend the pretrial motions deadline and continue the trial outweigh the interests of the public and Defendant in a speedy trial. The time between today's date and Defendant's next trial date shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act, because although counsel have been duly diligent, additional time is needed to adequately prepare this case for trial and failing to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(1) & (h)(7). Failing to timely object to this order as provided under this court's local rules will be deemed a waiver of any right to later claim the time should not have been excluded under the Speedy Trial Act.

Dated this 2nd day of October, 2024.

BY THE COURT:

Susan M. Bazis
United States District Judge