IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **4:23CR3005** |
| vs. | |
| TIMOTHY HINRICHS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on Defendant's Objection to the Magistrate Judge's Findings and Recommendation (Filing No. 148), which recommended that Defendant's motions to suppress (Filing No. 87; Filing No. 107; Filing No. 110) and pro se motion to dismiss (Filing No. 113) be denied.[1]  For the reasons explained below, Defendant's Objection will be overruled.

## PROCEDURAL BACKGROUND

Defendant was charged in a two-count indictment with knowingly receiving child pornography in violation of 21 U.S.C. § 2252(a)(2) (Count 1) and knowingly possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 2). (Filing No. 1.) The government later dismissed Count 2.

---

[1] Defendant first filed an objection to the Magistrate Judge's Findings and Recommendation on July 3, 2025.  (Filing No. 140.) Later that day, Defendant requested additional time to supplement that objection.  (Filing No. 141.) The motion was granted, and the Court gave Defendant until July 17, 2025 to file his supplemental objection.  (Filing No. 142.) The order stated that Defendant's supplemental objection would replace his original objection.  (Filing No. 142.) The instant Objection to the Magistrate Judge's Findings and Recommendation was filed on July 17, 2025.  (Filing No. 148.) Therefore, the objection found at Filing No. 140 will be overruled as moot as it was replaced by the Objection now pending before the Court.

Defendant filed motions to suppress evidence on October 11, 2024 (Filing No. 87) and December 5, 2024. (Filing No. 107.) Also on December 5, 2024, Defendant filed a motion captioned as "Motion to Dismiss Based on the Broad and Non-Targeted Nature of the Investigation" (Filing No. 110), which Defendant's attorney later clarified was another motion to suppress. (Filing No. 136.) The motions to suppress argued, in part, that the warrant issued for the search of Defendant's residence was not supported by probable cause and, consequently, the evidence obtained from the search was inadmissible.

Defendant, acting pro se, also filed a motion to dismiss on December 5, 2024. (Filing No. 113.) The motion asserted that the indictment should be dismissed because his trial counsel was ineffective by agreeing to continuances without his consent, which led to a violation of his constitutional right to a speedy trial.

An evidentiary hearing pertaining to the motions was held before the Magistrate Judge on April 9, 2025. (Filing No. 131.) Following the hearing, the Magistrate Judge issued a Findings and Recommendation (Filing No. 137), recommending that Defendant's motions be denied. Defendant has objected to that Findings and Recommendation.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id. See also Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a

minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits. The Court has also reviewed all briefing submitted by the parties. Having done so, the Court finds Defendant's Objection should be overruled.

## DISCUSSION

Defendant asserts several objections to the Magistrate Judge's Findings and Recommendation. With regard to the motions to suppress, Defendant argues (1) the Magistrate Judge erroneously relied on factually distinguishable case law in determining that the search warrant for his residence was supported by probable cause; (2) there was not probable cause for issuance of the search warrant for his residence because the information indicating the presence of child pornography was stale; and (3) Defendant's IP address at the time the search warrant was sought, issued, and executed was—contrary to the Magistrate Judge's conclusion—relevant to the determination of probable cause. As to the motion to dismiss, Defendant contends the Magistrate Judge should not have pointed out procedural deficiencies in his motion and that the Magistrate Judge incorrectly determined that his Sixth Amendment right to a speedy trial was not violated due to ineffective assistance of counsel.

### 1.    Motions to Suppress

Defendant contends the search warrant for his residence was not supported by probable cause, as is constitutionally required. "Probable cause to issue a search warrant exists when an affidavit in support of the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched." *United States. v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (quotation omitted). "The determination of probable cause is made after considering the totality of the circumstances." *Id*.

"After a judge has issued a search warrant upon a finding of probable cause, that finding deserves great deference." *Id*. A court "should uphold the decision to issue the warrant so long as it is supported by substantial evidence in the record." *United States v. Hallam*, 407 F.3d 942, 948 (8th Cir. 2005). "Thus, a warrant must be upheld so long as the affidavit—considered in its entirety—contains sufficient facts to establish a fair probability that contraband will be discovered

in a particular place." *United States v. Maccani*, No. 20-CR-90-CJW-MAR. 2021 WL 943109, at *10 (N.D. Iowa Mar. 12, 2021).

"In addition to probable cause that contraband or evidence of a crime will be found, 'there must be evidence of a nexus between the contraband and the place to be searched.'" *United States v. Randle*, 39 F.4th 533, 536 (8th Cir. 2022) (quoting *United States v. Tellez*, 217 F.3d 547, 550 (8th Cir. 2000)). "The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence." *United States v. Colbert*, 828 F.3d 718, 726 (8th Cir. 2016) (quoting *United States v. Etheridge*, 165 F.3d 655, 657 (8th Cir. 1999)).

Throughout his Objection, Defendant complains the Magistrate Judge's conclusion as to probable cause was incorrect because she relied on factually distinguishable case law. The Court will not discuss each of the cases Defendant argues was improperly cited by the Magistrate Judge because it is unnecessary to do so. The cases cited by the Magistrate Judge are still valid law. Rarely, are cases factually "on all fours" with the specific circumstances faced by a Court in a separate case. The Magistrate Judge's reliance on arguably somewhat factually distinguishable cases does not render her conclusions wrong. Here, the Magistrate Judge applied the correct legal standards in analyzing the legal issues. Therefore, Defendant's contention that the Magistrate Judge's legal conclusions were incorrect simply because some of her cited cases are in some way factually distinguishable is meritless.

Defendant next argues the Magistrate Judge should have found the information used to supply probable cause for issuance of the search warrant was stale. An application for a search warrant was submitted on July 19, 2022. (Filing No. 126-3.) The affidavit offered in support of the warrant stated that on June 10, 2022, Nebraska State Patrol Investigator Justin Davis ("Investigator Davis") determined two files of child pornography had been downloaded to a device associated with a specific IP address. (Filing No. 126-3.) Investigator Davis averred that on July 6, 2022, a subpoena was sent to network provider—Charter Communications Inc.—to obtain the subscriber information for the IP address. (Filing No. 126-3.) On July 11, 2022, Charter advised that the IP address was leased to Defendant and had a service address of 2127 E. St., Lincoln, Nebraska. (Filing No. 126-3.) Investigator Davis then located Defendant's name and date of birth in the Nebraska Criminal Justice Information System and learned that Defendant previously had a 2021

Honda CR-V with a Nebraska box turtle license plate WSBBY registered to him, which had expired. (Filing No. 126-3.) During surveillance on the residence, Investigator Davis saw a Buick Lesabre in the driveway with the expired WSBBY plate. (Filing No. 126-3.) The search warrant for the residence was executed on July 21, 2022. (Filing No. 126-3.) Defendant argues the information indicating that child pornography would be found on devices in his residence was stale because approximately two-months had passed between the time the child pornography was downloaded and the application for the search warrant.

"Stale information cannot be considered when assessing probable cause." *United States v. Keiter*, No. 4:13CR3004, 2013 WL 2450717, at *6 (D. Neb. May 23, 2013). "A warrant becomes stale if the information supporting the warrant is not sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search." *United States v. Huyck*, 849 F.3d 432, 439 (8th Cir. 2017) (quotation omitted). "There is no bright-line test for determining when information in a warrant is stale." *Id*. Instead, courts must look to "the lapse of time since the warrant was issued, the nature of the criminal activity, and the kind of property subject to the search." *Id*. A "lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010) (quoting *United States v. Horn*, 187 F.3d 781, 786 (8th Cir. 1999)).

Defendant contends the lapse of time in this case is particularly significant because the nature of child pornography is not necessarily "continuing in nature" and not all individuals who download this type of material do so purposefully and retain it. Defendant is correct that accidental downloads may occur, but this assertion is more akin to a defense to the accused criminal activity, not a basis for concluding probable cause for a search warrant was lacking. Further, the Eighth Circuit Court of Appeals has recognized that a lapse of time may be of less significance in cases involving child pornography due to the "extent to which pedophiles retain child pornography." *Lemon*, 590 F.3d at 615. *See also United States v. Chrobak*, 289 F.3d 1043, 1046 (8th Cir. 2002) (rejecting a staleness argument based on testimony that child pornographers generally retain their pornography for extended periods); *United States v. McArthur*, 573 F.3d 608, 613–14 (8th Cir. 2009) ("The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the

cases") (quoting *United States v. Riccardi*, 405 F.3d 852, 861 (10th Cir. 2005))). Here, given the nature of the alleged crime, the propensity of child pornographers to retain pornography, and the relatively short period of time between the file download and procurement of the warrant, the Court agrees with the Magistrate Judge that the warrant was not invalid due to staleness. There was still a fair probability that contraband or evidence of criminal activity would be found in the residence.

Defendant further argues the Magistrate Judge incorrectly found that probable cause existed even though his IP address changed after the child pornography was downloaded. The Magistrate Judge determined that Defendant's IP address at the time the warrant was sought, issued, or executed was not relevant to the determination of whether probable cause existed to issue the warrant. (Filing No. 137.) Rather, the Magistrate Judge concluded that the relevant IP address was the one that the suspect device used to access the internet to share child pornography. The Magistrate Judge was correct. Investigators knew from Charter that when the child pornography was downloaded, the IP address used was leased to Defendant. Investigators also knew the residence was listed as the service address for the IP address. Through research and surveillance, investigators were able to connect Defendant to the residence through an expired license plate. All this information was shared in the warrant application. There was a sufficient nexus between the child pornography and the residence to support a logical likelihood of finding useful evidence in the residence.

Additionally, even if the warrant was not supported by probable cause, the Court agrees with the Magistrate Judge that the evidence seized would nevertheless be admissible under the good-faith exception to the exclusionary rule. "Under the good-faith exception, evidence seized pursuant to a search warrant issued by a magistrate that is later determined to be invalid, will not be suppressed if the executing officer's reliance upon the warrant was objectively reasonable." *Proell*, 485 F.3d at 430. A "good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the issuing judge's authorization." *United States v. Puckett*, 466 F.3d 626, 630 (8th Cir. 2006) (quotation omitted).

An officer's reliance on a warrant may be said to be unreasonable in four circumstances: (1) when the affidavit supporting the warrant contained a false statement made knowingly and intentionally or with reckless disregard for the truth, thus misleading the issuing judge; (2) when

the issuing judge "wholly abandoned his judicial role" in issuing the warrant; (3) when it is entirely unreasonable to believe that an affidavit provides probable cause to issue a warrant; and (4) when the warrant is "so facially deficient" that no police officer could reasonably presume the warrant to be valid. *Proell*, 485 F.3d at 431 (quotation omitted). When assessing an officer's good faith reliance on a search warrant under the good faith exception, courts "can look outside of the four corners of the affidavit and consider the totality of the circumstances, including what the officer knew but did not include in the affidavit." *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014).

Investigator Davis's reliance on the warrant was objectively reasonable. Investigator Davis knew an IP address with the residence listed as the service address had been used to download two files of child pornography. Investigator Davis knew the IP address was leased to Defendant and had observed an expired license plate that had once been registered to Defendant in the driveway of the residence. Defendant tries to argue that Investigator Davis made a false or misleading statement or omission in the warrant application because he did not disclose that Defendant's IP address had changed and did not include descriptions of other files that were downloaded or partially downloaded in the affidavit. Defendant further argues Investigator Davis does not understand the impact that partial downloads can have on the ability to view file information. However, this information is irrelevant to the probable cause determination. In other words, probable cause would have been present even if this information had been included in the affidavit. Also, there is no evidence that the issuing judge "wholly abandoned his judicial role." Nor was the warrant so facially deficient that no police officer could reasonably interpret it as valid. Based on the totality of the circumstances, the Court finds that investigators' reliance on the warrant was objectively reasonable, and the evidence obtained through the search of the residence should not be suppressed.[2]

---

[2] Defendant's Objection contains a request for a *Franks* hearing, even though Defendant's counsel informed the Magistrate Judge at the evidentiary hearing that he was not requesting one. (Filing No. 136.) Under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant may obtain a hearing on his claim that the affiant officer intentionally or recklessly misstated or excluded material information from a warrant application if the defendant can show that the warrant application, corrected to remove allegedly false information and include allegedly concealed facts, would not have supported a finding of probable cause. *Id.* at 170. For the reasons stated above, Defendant cannot make this showing. Therefore, Defendant's request for a *Franks* hearing is denied.

2.     **Motion to Dismiss**

Defendant argues that the Magistrate Judge erred by pointing to "procedural deficiencies" in his motion to dismiss. In particular, the Magistrate Judge noted in her Findings and Recommendation that Defendant improperly filed the motion to dismiss as a pro se motion when he was represented by counsel. *See United States v. Potter*, 125 F.4th 916, 920 (8th Cir. 2025) ("[I]t has long been Eighth Circuit policy that when a party is represented by counsel, [the Eighth Circuit] will not accept pro se briefs for filing"). However, the Magistrate Judge did not end her analysis there. She continued to reach the merits of Defendant's motion. Therefore, Defendant's complaint that the Magistrate Judge identified his procedural failings does not supply grounds to overrule the Magistrate Judge's findings or conclusions.

Defendant additionally argues the Magistrate Judge erred because she evaluated the Sixth Amendment speedy trial claim separate from Defendant's allegations of ineffective assistance of counsel. Defendant maintains his Sixth Amendment right to a speedy trial was violated *because* his attorney was ineffective by agreeing to continuances without his consent and by denying him access to discovery. Therefore, Defendant reasons that the speedy trial and ineffective assistance issues should have been considered together. The Magistrate Judge addressed the issues distinctly in her Findings and Recommendation, finding that Defendant's ineffective assistance of counsel claim was premature before moving on to reach the merits of the speedy trial issue.

Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "whether counsel's performance was deficient, and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (quotation omitted). "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011). Accordingly, there is no need to "inquire into the effectiveness of counsel . . . if [the court] determine[s] that no prejudice resulted from counsel's alleged deficiencies." *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014). Due to this standard, a motion for ineffective assistance of counsel is often premature if it is filed prior to resolution of the criminal proceedings. *United States v. Hawkins*, No. 11-4016-01, 2011 WL 13183074, at *1 (W.D. Mo. Oct. 6, 2011). Notably, the Eighth Circuit Court of Appeals has declined to address ineffective assistance of counsel claims on direct review even where the purported ineffective assistance was based on unapproved

continuances by counsel allegedly resulting in a Sixth Amendment speedy trial violation. *See United States v. Saguto*, 929 F.3d 519, 525 (8th Cir. 2019).

The Court agrees with the Magistrate Judge that Defendant's ineffective assistance of counsel claim is premature. Defendant may raise his ineffective assistance of counsel claim at the conclusion of these criminal proceedings. Only then will it be determinable if Defendant suffered any prejudice due to counsel's perceived shortcomings.

The Court likewise finds no error in the Magistrate Judge's determinations regarding Defendant's assertion that his Sixth Amendment right to a speedy trial was violated. "To trigger [constitutional] speedy trial analysis, the defendant must allege the interval between accusation and trial has crossed a line dividing ordinary from presumptively prejudicial delay." *United States v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007). If presumptively prejudicial delay is present, the following factors are considered: "(1) whether delay before trial was uncommonly long; (2) whether the government or the criminal defendant is more to blame for the delay; (3) whether, in due course, the defendant asserted his right to a speedy trial; and (4) whether he suffered prejudice as a result of the delay." *Id.*

The Magistrate Judge found the twenty-three-month period between the indictment and Defendant's motion to dismiss was presumptively prejudicial but concluded Defendant's Sixth Amendment rights had not been violated because Defendant was more to blame for the delay and had not been prejudiced by the delay. Defendant objects to the Magistrate Judge's assignment of responsibility for the delay. Defendant also complains about the Magistrate Judge's conclusion that the delay has not been prejudicial, pointing to witnesses' alleged inability to recall certain details, his inability to obtain gainful employment while on pretrial release, and the toll these proceedings have had on his health due to his autism.

The Court agrees with the Magistrate Judge that Defendant is more to blame for delay in this case. Defendant attempts to shift this factor in his favor by attributing the delays to his attorneys. However, "[w]hen a defendant's attorney is reportedly not moving a case forward or engages in conduct characterized as inaction (for instance, by requesting extensions and continuances) any delay resulting from such attorney conduct is attributable to the defendant rather than to the Government." *United States v. Freeman*, No. 4:18CR00893, 2021 WL 5772773 (E.D.

Mo. Aug. 5, 2021) (citing *Vermont v. Brillon*, 556 U.S. 81, 90-92 (2009)). Moreover, the record does not support Defendant's position that his counsel is solely (if at all) responsible for the delays. To the contrary, on November 4, 2024, Defendant personally requested that the pretrial motion deadline be extended so that he could file additional motions and prepare a stronger defense. (Filing No. 97.)  Thereafter, Defendant, acting on his own behalf, filed the pending pro se motion to dismiss.  Additionally, this case was set to go to trial in October 2024, but a few days before the commencement of trial, Defendant moved to continue the trial date. (Filing No. 86.) Defendant cannot show delay in this case was attributable to the Government.

The Court further concludes that Defendant cannot show he has been prejudiced by the delay. The Court assesses "prejudice in light of defendant['s] interests that the constitutional speedy trial right was designed to protect. Those interests are: preventing oppressive pretrial incarceration, minimizing anxiety and concern of the accused, and limiting the possibility that the defense will be impaired—with the last being the most serious." *United States v. Sprouts*, 282 F.3d 1037, 1043 (8th Cir. 2002) (internal citation omitted).  Defendant argues his defense has been impaired by the delay because he is unable to remember details and because Investigator Davis's memory of events is declining.  In support of this claim, Defendant points to Investigator Davis's mis-recollection of the type of animal Defendant requested while speaking to investigators and whether Defendant asked for a cigarette. However, Investigator Davis's ability to remember these types of details in the context of this case involving child pornography does not rise to the level of prejudice.  Defendant likewise has not pointed to anything particularly important that he cannot remember. Defendant's claim of prejudice resulting from his inability to obtain gainful employment while on pretrial release, and the toll these proceedings have had on his health does not fare any better.  Again, as discussed above, Defendant has been primarily responsible for the delays in this case.  If he were overly bothered by the impact these proceedings were having on his physical, mental, and financial health, he surely would not be requesting more continuances. For these reasons, Defendant's claim that this action should be dismissed based on violation of his Sixth Amendment rights fails.

Accordingly,

**IT IS ORDERED:**

1.     Defendant's Objection to the Magistrate Judge's Findings and Recommendation (Filing No. 148) is overruled.

2.     The Magistrate Judge's Findings and Recommendation (Filing No. 137) is accepted in its entirety.

3.      Defendant's motions to suppress (Filing No. 87, Filing No. 107; Filing No. 110) and pro se motion to dismiss (Filing No. 113) are denied.

4.     Defendant's Objection to Findings and Recommendation (Filing No. 140) is overruled and denied as moot.

5.     This matter will be set for trial by separate order.

Dated this 29th day of August, 2025.


BY THE COURT:

Susan M. Bazis
United States District Judge